# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ZACHARY BARKER COUGHLIN, | 3:13-cv-00474-RCJ-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| WAL-MART, et. al. | |
| Defendants. | |

Before the court is Plaintiff's application to proceed in forma pauperis and pro se complaint. (Doc. # 1.)[1]

## I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of Plaintiff's financial affidavit reveals that he is unable to pay the filing fee.

---

[1] Refers to court's docket number.

As a result, Plaintiff's application to proceed in forma pauperis (Doc. # 1) should be **GRANTED**.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint & Analysis**

Plaintiff lists a host of defendants in the caption of his proposed complaint including: Wal-Mart, Thomas Frontino, Reno Sparks Indian Colony and its Tribal Police Department; Officers Crawford and Braunworth, Wal-Mart managers and store supervisors including Ellis and Bain; the Reno City Attorney's Office and RCA Deputy Prosecutor Pamela Roberts, Esq.; Reno Municipal Court Judge Kenneth Ray Howard; Reno Municipal Court; Reno Municipal Court Reporter Pam Longoni; Washoe County Communications; Washoe County Jail; Washoe County Sheriff's Office; and Washoe County Communications Officer. (Doc. # 1 at 3-4.) Plaintiff fails to connect each of these defendants to any specified allegations.

Moreover, while Plaintiff generally references an alleged wrongful arrest that took place on September 9, 2011, the complaint is largely unintelligible and Plaintiff even notes that it "needs a great deal of work." (*Id.* at 8.) Plaintiff includes with his complaint another document with a caption for the Second Judicial District Court in and for the County of Washoe, State of Nevada, that spans over 600 pages, and references reconsideration of a May 25, 2013 state court order. (*Id.* at 12-664.) Portions of this document appear to be written in stream of consciousness format, and there is no indication in the actual complaint what, if any, part of this document Plaintiff relies on.

In sum, Plaintiff has not set forth allegations that indicate he has any plausible claim for relief at this juncture. Accordingly, the court recommends dismissal of this action; however, Plaintiff should be granted leave to amend to assert a colorable claim against appropriate defendants related to the alleged unlawful arrest against specified defendants.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The movant should be permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status does not extend to the issuance of subpoenas at government expense.

(2) The Clerk be instructed to **FILE** the complaint (Doc. #1 );

(3) The complaint be **DISMISSED WITH LEAVE TO AMEND**;

(4) Plaintiff should be given thirty days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint remedying, if possible, the defects in the complaint as explained above. Plaintiff should be advised that pursuant to Local Rule 15-1, if he chooses to file an amended complaint, it shall be complete in and of itself without reference to any previous complaint. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT" in the space for "Case No." Plaintiff is cautioned that if he fails to file an amended complaint within the proscribed time period, the court will recommend dismissal of this action.

(5) Service of the complaint or amended complaint, should one be filed, will be addressed once the deadline for filing an amended complaint has expired.

Plaintiff should be aware of the following:

1.     That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14)

days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

      2.     That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: October 16, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE