Zach Coughlin, Esq.
1471 E. 9th St.
Reno, NV 89512
NV Bar #9473 (temporarily suspended)
USPTO Atty Regist #53,905 not suspended
fax and tele is same: 949 667 7402
ZachCoughlin@hotmail.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA


ZACHARY BARKER COUGHLIN,
            Plaintiff

                        CASE NO.:  3:13-cv-00539-RCJ-WGC

v.

RENO MUNICIPAL COURT, et. al.
            Defendants
-------------------------------------------/

ZACHARY BARKER COUGHLIN,    CASE NO: 3:13-cv-00446-RCJ-WGC
            Plaintiff

v.

CITY OF RENO, RENO POLICE
DEPARTMENT, RPD OFFICER
NICHOLAS DURALDE, et. al.
            Defendants
-------------------------------------------/

                        CASE NO: 3:13-cv-00474-RCJ-WGC

_____
ZACHARY BARKER COUGHLIN,
            Plaintiff

v.

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

WAL-MART, et. al
                    Defendants
---------------------------------------------

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS AND
REQUEST FOR WAIVER OF PACER FEES GOING FORWARD AND
BACKWARDS**

Coughlin respectfully submits this seeking an extension of time to file his objections, citing

good cause for so granting relative to the enormously challenging and disorienting effects of being

wrongfully arrested at least 21 times since August 20, 2011, and the lack of anything in the way of

a just response by the state court judiciary in Washoe County, which is entirely beholden to local

law enforcement and prosecutors, punishing Coughlin for the misconduct of each, as its just the

easier softer way for these judges, as opposed to doing anything just.  The attached materials in

Exhibit 1 are incorporated herein by reference in further establishing showing of good cause for

granting an extension of time to file Coughlins' objections to the Report and Recommendation by

the Honorable Magistrate Judge Cobb.  Coughlin does greatly appreciate Judge Cobb's granting

his various informa pauperis motions, noting that Coughlin has had no less than six recent

instances of such IFP motions and requests for the appointment of counsel rejected by state court

judges (muni, justice, and Second Judicial District Court, all in violation of ADKT 0411, the

Nevada Supreme Court's 1/4/08 Indigent Defense Order etc.) in even criminal matters.

Of late Coughlin has been forced to defend himself in three criminal trials, (one on 10/14/13

in RCR2013-072675 in the RJC (denied counsel despite his indigency and the "serious" crime of

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

NRS 199.280 as defined in SCR 111(6), with a sentencing hearing for such wrongful conviction (a justice court bailiff is neither "elected" nor appointed" sufficient to qualify as a "public officer" that one might "resist or obstruct" under NRS 169.164, 193.019, nor NRS 281.005) set for 11/6/13 (Coughlin has been denied counsel in the sentencing phase of such, in addition to incident to the trial, and has no reason to believe he will not be similarly denied counsel in response to the WCDA's Office's Motion to Remand Coughlin in RCR2011-063341 and RCR2012-065630 (where the WCDA seeks to revoke two different 180 suspended sentences incident to the recent conviction in a matter wherein Coughlin was denied court appointed counsel, RCR2013-071437, which prosecution was premised upon the illegal Admin Order 2012-01 (RCR2013-071437).  Further, in a raft of appeal of criminal convictions in which Coughlin has been forced to defend himself,  the district court judge before whom all those matters were transferred to en masse has now purportedly taken to seeking to entice Coughlin into dropping all of his various civil actions (including, obviously, those in federal court 13 CV 446, 474, 484, 539, etc) in exchange for Coughlin entering mental health court.  Coughlin has absolutely no problem participating in mental health court and simply wants to move forward in life

Additionally, Coughlin had two trials on 10/29/13 lasting most of the day (in RMC 13 CR 3913 and 3914) that will be continuing on 11/7/13.  3913 and 3914 featured RMC Judge W. Gardner admitting to Coughlin he would rule as "contacting" the State Bar of Nevada sufficient to amount to a violation of the 12/20/12 Workplace Harassment Protection Order the SBN obtained against Coughlin from the RJC in RCP2012-000607, Coughlin's having submitted a tolling motion

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

in response to the fraudulent 12/14/12 NNDB Panel's Findings of Fact; Conclusions of Law (which seeks to permanently disbar Coughlin, and which is now on appeal in 62337 before the NSCT) by any modality or means whatsoever (carrier pigeon, facsimile, USPS mailing, courier, personal delivery). Such brazen deprivation of due process are completely beneath the judiciary and this tag team by the RJC, RMC, WCDA's Office, RPD, WCSO, and Reno City Attorney's Office is exactly the sort barbaric spectacle our founding fathers knew the principles of federalism must address. Coughlin seeks the appointment of counsel to assist him in this matter, and, with a promise to utilize such judiciously, seeks at least some door being left open to at least a few subpoenas at public expense being permitted.

For context, it is important to point out that the first of a strong of 21 wrongful arrests of Coughlin occurred on August 20th, 2011, by RPD Officer Nicholas Duralde. At the 10/29/13 trials in the RMC in 13 CR 3913 and 3914, Coughlin was rebuked for even seeking to put on evidence or ask questions of RPD Detective Yturbide, whom fraudulently had Coughlin arrested and overcharged with a felony and gross misdemeanor where, even had Coughlin violated the Workplace Harassment Protection Order the SBN obtained, such would have only been a felony. The fact that the purported violations consisted of nothing more than Coughlin allegedly seeking to file tolling motions in his disciplinary proceeding then pending before the State Bar of Nevada and otherwise address issues involving the record (see 62337) makes such prosecution a complete affront to out system of justice that must not be countenanced. Where RPD Detective Yturbide's wife is an ECOMM 911 dispatcher, and Yturbide ordered Coughlin arrested on 2/8/13 (which

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

involved the RPD pointing a loaded gun at Coughlin's head from four feet away after entering his

back yard unannounced), and the "misuse of 911" trail in RCR2012-065630 was to resume on

2/12/13 (which the WCDA's Office plead down for SCR 111(6) leveraging to a NRS 199.280

"resisting a public officer" (a 911 operator is not a public officer either), and Coughlin's Brief in

the appeal of the recommendation to permanently disbar him was due on 2/14/13, and such

overcharging resulted in $5,000 worth of bail, and where the same RPD Officer Duralde was to be

cross-examined (an ultimately was) in that 065630 case (which included a 1/13/12 pulling over of

Coughlin by Duralde and the same Sargent McCauley whom approved of the 2/8/13 arrest by

Yturbide, along with four other officers pulling Coughlin over that night just an hour after

Coughlin bailed out of jail incident to a custodial arrest for jaywalking on 1/12/12…)…that same

Officer Duralde's wife is also an ECOMM 911 dispatcher….None of that is "relevant" to the

RMC's Judge W. Gardner…The Wal-Mart arrest occurred just 9 days after Coughlin was released

from a 7 day jail stay incident to the wrongful arrest by Duralde, during which Coughlin was

denied his medications.

    http://www.scribd.com/doc/178700319/10-23-13-submission-of-Petition-for-Cert-or-Mandamus-re-
Merliss-1708-03628-61383-receipt-pending-eFlex-pdf

    There are three exceptions to *Younger* abstention:

- 1. Where the prosecution is in bad faith (i.e. the state knows the person to be innocent); or

- 2. Where the prosecution is part of some pattern of harassment against an individual; or

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

- 3. Where the law being enforced is utterly and irredeemably unconstitutional (e.g., if the state were to pass a law making it a crime to say anything negative about its governor under any circumstances).

The arrest underlying

Attorney discipline—Abstention found unwarranted: The courts in the following cases ruled that abstention under the *Younger* doctrine was not warranted with regard to claims relating to state attorney disciplinary proceedings or challenges to disciplinary rules or rules of professional conduct under the particular facts and circumstances.

The court in Schneider v. Colegio de Abogados de Puerto Rico, 546 F. Supp. 1251 (D.P.R. 1982), held that abstention was not appropriate in the attorneys' federal action, purportedly challenging the constitutional validity of commonwealth laws providing for an integrated bar association and mandatory dues, alleging civil rights and constitutional violations. The original action in the case, a state court action, was related to issues that gave rise to disbarment proceedings against the two attorneys, commenced by the Puerto Rican bar association (the "Colegio") for the nonpayment of the annual dues. Upon the attorneys' failure to pay the dues owed, a Puerto Rican court ordered their disbarment. The attorneys later filed the federal action, seeking declaratory and injunctive relief, as well as damages, against the defendants. The defendants argued that the court had been asked to intervene in an ongoing judicial proceeding in violation of the *Younger* doctrine. The district court noted that the Puerto Rican court unequivocally stated that its judgment was "final and unappealable," and thus, the attorneys' rights

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

as to the past dues had been finally adjudicated. Those rights, however, were not before the court in the federal action, the court determined, observing that the attorneys sought only to prevent prospective enforcement of the statutes providing for an integrated bar association and annual dues as interpreted by the Puerto Rican court. The court thus concluded there was no ongoing state disbarment proceeding involving that issue so *Younger* abstention was not applicable.

The court in Bishop v. State Bar of Texas, 736 F.2d 292 (5th Cir. 1984), held that abstention was not appropriate where an attorney filed a federal complaint alleging that the state bar had prosecuted disciplinary proceedings against him for many years and that such proceedings had been taken in bad faith and had violated due process. The district court dismissed the complaint without prejudice on the ground that injunctive relief against pending bar disciplinary proceedings was barred by the *Younger* abstention doctrine. The court on appeal stated that although the factors for *Younger* abstention were present, that did not end the analysis. Other courts had recognized that a showing of "bad faith, harassment or other exceptional circumstances" might justify federal intervention, the court explained, noting that courts had applied *Younger*'s exception for "bad faith prosecutions" in two major circumstances: (1) when a State commences a prosecution or proceeding to retaliate for or to deter constitutionally protected conduct and (2) when the prosecution or proceeding is taken in bad faith or for the purpose to harass. In either case, said the court, irreparable injury under *Younger* is established by a sufficient showing of retaliatory or bad-faith prosecution, and a federal injunction may issue. The court observed that the attorney alleged that the State Bar's efforts to discipline him had proceeded for many years and that they

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

had been taken "in bad faith and for an improper motive." As the court was ruling on a motion

under Fed. R. Civ. P. 12 and had to take the attorney's allegations as true, the court found that the

attorney stated a claim for injunctive relief. The court thus reversed the dismissal of the attorney's

complaint by the district court and remanded for further proceedings.

The court in Leaf v. Supreme Court of State of Wis., 979 F.2d 589 (7th Cir. 1992),

held that the time for abstention had expired, and thus, it would not affirm, under the *Younger*

abstention doctrine, the district court's dismissal of the action for lack of subject-matter jurisdiction

where an attorney and the attorney's nonlegal associate brought a civil-rights action arising from

state attorney disciplinary proceedings. The Board of Attorneys' Professional Responsibility's

investigation of the attorney had already begun at the time the federal complaint was filed. Because

of the ongoing investigation and proceeding in the state court, the district court entered an order to

abstain and stay proceeding under *Younger*. The district court ordered the case closed for statistical

purposes, but the district court indicated that either party could reopen the case at any time by

advising the court and opposing counsel that the party was ready to proceed with the case and that

the state proceedings had reached a final resolution. The attorney later moved to reinstate the cause

of actions and for leave to file an amended complaint. The district court denied the motion for

reconsideration indicating that it should have dismissed the case in the first instance under

*Younger*. On appeal the defendants argued that the court should affirm under the *Younger*

abstention doctrine. The court, however, stated it could not affirm on this basis because the

abstention doctrine only applies when there is an ongoing state proceeding—and the state

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

proceedings terminated before the district court's dismissal and before the current decision.

Therefore, the court concluded that the time for abstention had expired.

The court in Adams v. Attorney Registration and Disciplinary Com'n of Supreme Court of Illinois, 600 F. Supp. 390 (N.D. Ill. 1984), held that abstention was not appropriate where the federal court was unable to remand the declaratory action to the state court and there could be no state court proceedings. A declaratory judgment action was brought for a determination of the constitutionality of an attorney disciplinary rule. Following removal of that action from state court, a motion to remand and to dismiss was filed. The court stated that because it was unable to remand the declaratory action to state court, abstention was not appropriate and there was no state proceeding towards which the court could show deference. It could be argued that the court could conceivably stay the federal action to allow the defendant to bring a state action seeking prospective relief against the attorneys based upon the disciplinary rule in question, the court pointed out, observing that the United States Supreme Court had only applied *Younger* in cases where a state enforcement proceeding followed an alleged violation of a state statute or rule even if only in civil proceedings. The court added that the Seventh Circuit had explicitly required some sort of violation and the existence of subsequent enforcement proceedings for a *Younger* abstention to be allowed. In the present case, the court indicated, the attorneys chose to litigate their constitutional claims in the federal court; they had not, at the time of filing, violated the disciplinary rule; and after a hearing, enforcement of the rule against them was deferred. The court

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

concluded that in the Seventh Circuit at least, the State could not now bring an enforcement action that would require the court to abstain.

The court in Canatella v. State of California, 304 F.3d 843 (9th Cir. 2002), held that dismissal of the federal action was not warranted on *Younger* abstention grounds where a state bar had initiated a disciplinary investigation into multiple sanctions orders entered against an attorney, and in response, the attorney sued the State, the Board of Governors for the State Bar, and related entities and individuals in federal court under 42 U.S.C.A. § 1983, challenging the constitutionality of state bar statutes and one state rule of professional conduct. The district court dismissed the claims on *Younger* abstention grounds. Pending appeal, the state bar filed formal charges against the attorney. The attorney filed a second § 1983 action; the district court dismissed the attorney's complaint under the Rooker-Feldman doctrine[FN16] and on *Younger* abstention grounds; and the attorney appealed. The court, on appeal, initially noted that a district court must abstain and dismiss a suit on the basis of *Younger* where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings. The court saw the relevant issue as whether the attorney was involved in an ongoing proceeding for purposes of *Younger* and thus looked to whether the state court proceedings were ongoing as of the time when the federal action was filed. At the time the attorney filed his federal complaint, said the court, the magistrate judge's sanctions order had issued, and thus, the court had to decide whether the attorney's act of reporting to the State Bar the sanctions order, as required under the terms of his stipulation, gave rise to ongoing judicial proceedings for

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

*Younger* purposes. The court observed that no affirmative action had been taken by the state bar against the attorney at the initiation of the federal suit. In fact, the court pointed out, the attorney successfully secured an order from the magistrate judge staying any state bar disciplinary proceedings pending the outcome of the attorney's direct appeal of the sanctions order to the court, and the only procedural step that had occurred at the time when the federal complaint was filed was the attorney's act of self-reporting. The court next noted that the filing of an initial pleading commenced a state bar court proceeding, which is a "notice of disciplinary charges." A preliminary investigation before issuing a notice of disciplinary charges or a mere complaint to the bar does not commence a disciplinary action, said the court, nor would a mere report of sanctions by the attorney. Thus, the court concluded that there was no ongoing disciplinary proceeding to which *Younger* abstention would apply.

On reconsideration of a previous decision, the court in Miller v. Washington State Bar Ass'n, 691 F.2d 430 (9th Cir. 1982), held that abstention was not appropriate where an attorney brought a civil-rights action claiming that a letter of admonition received from the Disciplinary Board of the State Bar interfered with the exercise of his First Amendment rights. The district court dismissed the action, and the attorney appealed. The court of appeals reversed and remanded. The State Bar filed a petition for rehearing, asking the court to reconsider its opinion in this matter in light of the United States Supreme Court's decision in Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982), discussed in § 6, which was decided after the court's opinion had been submitted for filing. The court observed that

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO**
**MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

when the attorney filed his federal action, the State Bar had completed its proceedings, and the attorney was without any right to obtain review by the state supreme court. The court thus found that the case involved no intrusion into ongoing state proceedings nor was there an adequate opportunity for state court review. The court determined that *Younger* abstention was, therefore, not appropriate in the case.

The court in Rapp v. Disciplinary Bd. of Hawaii Supreme Court, 916 F. Supp. 1525 (D. Haw. 1996), held that *Younger* abstention was not appropriate where an attorney brought a federal action seeking declaratory and injunctive relief claiming that the State Rule of Professional Conduct barring ex parte communications with jurors "except as permitted by law" was an unconstitutional prior restraint on his free-speech rights. The attorney, as a pro se plaintiff in a state case, desired to speak with the jurors after they rendered their verdict but was precluded by the judge in that case from doing so. The attorney believed that members of the jury would be willing to speak with him but that he could not talk with them because of the threat of suspension or disbarment from the state bar, leading him to challenge the rule in federal court. The defendants argued that the court should abstain from adjudicating the merits of the attorney's action under the *Younger* abstention doctrine. The court explained that before *Younger* abstention can be applied to dismiss a federal claim, three requirements must be met:

(1) there must be ongoing state judicial proceedings; (2) the state judicial proceedings must implicate important state interests; and (3) the state judicial proceedings must afford the federal plaintiff an adequate opportunity to raise constitutional claims. The court observed that abstention

– 12/14 –
**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

was improper in the case because there were no ongoing state judicial proceedings. The court was unaware of any pending disciplinary proceedings against the attorney in connection with the federal case. Rather, there was only the potential for the institution of disciplinary proceedings against the attorney, which the court found was insufficient for abstaining under *Younger*.

DATED this 10/30/13

/s/ Zachary Barker Coughlin

ZACHARY BARKER COUGHLIN, Esq.
Pro Per Attorney for Plaintiff

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of the law offices of

ZACHARY BARKER COUGHLIN, Esq., 1471 E. 9TH ST, Reno, Nevada 89512,

and that on this date, I served a true and correct copy of the foregoing document by:

\_\_\_\_\_ Depositing for mailing, in a sealed envelope, U.S. Postage prepaid, at Reno,

Nevada.

\_\_\_\_\_ Reno/Carson Messenger Service.

\_\_\_\_\_ Personal Delivery.

\_\_\_\_\_ Facsimile.

**\_\_\_\_** E-Filing

addressed as follows:


Coughlin requests help serving those listed in the caption and or an indication of

whom, how, and whether such must be served


/s/Employee of Zachary Barker Coughlin, Esq.,

**MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO
MAGISTRATE JUDGES REPORT AND RECOMMENDATIONS**